IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH A. ROBERTS,

               Plaintiff,                                ORDER

    v.                                                09-cv-400-slc

STEVE WATTERS,

               Defendant.

---

Plaintiff Kenneth A. Roberts is a patient confined at the Sand Ridge Secure Treatment Center pursuant to Chapter 980 of the Wisconsin Statutes. On June 25, 2009, I entered an order directing plaintiff to submit a certified copy of his six-month resident account statement so that the court can calculate what amount of money, if any, plaintiff would have to prepay towards the $350 filing fee. In the same order, I explained that this court has adopted the 1996 Prison Litigation Reform Act's formula for determining indigence for all institutionalized persons and in order for plaintiff to pursue his request for leave to proceed *in forma pauperis* he must submit the required resident account statement.

In his motion, plaintiff challenges the application of *Longbehn v. United States,* 169 F.3d 1082 (7th Cir. 1999) to his case and asserts that because he is not a prisoner or subject to the PLRA that he should not have to submit a resident account statement. I agree with plaintiff that because he is a patient at the Sand Ridge Secure Treatment Center, he is not a prisoner and therefore not subject to the PLRA. *West v. Macht*, 986 F.Supp. 1141, 1143 (W. D. Wis. 1997). However, the *in forma pauperis* statute does not permit a court to entirely waive a plaintiff's

obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without prepaying some or all of the filing fee. In *Longbehn v. Reno*, 27 F. Supp. 2d 1162 (W.D. Wis. 1998), the court concluded that adopting the Prison Litigation Reform Act's method for determining indigency in cases involving institutionalized persons was appropriate in part because the method is fair, easy to apply and it results in institutionalized persons, who often earn meager income, having to relinquish only a fraction of their average monthly deposits to the court. *Id.* at 1165. The Court of Appeals for the Seventh Circuit found this approach to be sound. *Longbehn* 169 F.3d at 1083. Therefore, plaintiff's motion for reconsideration will be denied.

Because the time for plaintiff to submit a six-month resident account statement expires on July 15, 2009, I will extend the deadline within which he is to submit his account statement. Once the resident account statement has been received, the court will determine whether plaintiff has the means to prepay a portion of the filing fee.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, dkt. #4, is DENIED. Plaintiff must submit a six-month resident account statement as a condition of proceeding in this action *in forma pauperis* not later than July 29, 2009. If, by July 29, 2009, plaintiff fails to submit the required statement or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file

without prejudice to plaintiff's filing his case at a later date.

    Entered this 8th day of July, 2009.

                                BY THE COURT:

                                /s/

                                STEPHEN L. CROCKER
                                Magistrate Judge